USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                   :
MALIBU MEDIA LLC,                                                  :
                                                                   :    15 Civ. 7781 (PAE)
                                        Plaintiff,                 :
                                                                   :    ORDER
            -v-                                                    :
                                                                   :
JOHN DOE, *subscriber assigned IP address                          :
184.153.81.223*,                                                   :
                                                                   :
                                        Defendant.                 :
                                                                   :
------------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

Plaintiff Malibu Media LLC ("Malibu Media") alleges that defendant John Doe infringed its copyrights by downloading and distributing, without authorization, its copyrighted adult film content, using a protocol called BitTorrent. Dkt. 1. On November 11, 2015, Malibu Media moved for leave to serve a subpoena, before a Rule 26(f) conference, on a third-party Internet Service Provider ("ISP"), Time Warner Cable, to identify the name and address associated with an identified Internet Protocol ("IP") address that Malibu Media alleges was used to infringe its copyrights. Dkt. 5.

The Court addressed the issue raised in this motion in an Opinion in a previous case brought by Malibu Media against John Doe defendants. *See Malibu Media, LLC v. John Does 1–4*, 12 Civ. 2955 (PAE), 2012 WL 3104887 (S.D.N.Y. July 31, 2012). For the reasons stated in that Opinion, the Court finds that Malibu Media has established good cause to serve a third party subpoena on the ISP. *See also Malibu Media LLC v. John Doe*, No. 15 Civ. 7333 (AJN), Dkt. 12 (S.D.N.Y. Oct. 8, 2015).

There is a concern in such cases that a defendant not be pressured into "settling only so that his or her name is not associated with pornographic movies." *Malibu Media, LLC v. Doe*, No. 15 Civ. 4743 (JFK), 2015 WL 5013874, at *1 (S.D.N.Y. Aug. 18, 2015). To its credit, Malibu Media attests that it always consents to allowing defendants to proceed anonymously. Dkt. 6, at 7. Therefore, Malibu Media's motion is GRANTED, subject to the protective order below.

It is hereby ORDERED that:

1. Malibu Media may immediately serve a Rule 45 subpoena on the ISP seeking *only* the name and address of the defendant to whom the ISP assigned the IP address set forth in Exhibit A to the Complaint in this action. Malibu Media is not permitted to subpoena the defendant's telephone number or email address. The subpoena shall attach a copy of this Order, along with the attached "Notice to Defendant."

Malibu Media may also serve a Rule 45 subpoena in the same manner as above on any ISP that is identified in response to a subpoena as a provider of Internet services to the defendant.

2. The ISP shall have 30 days from the date of service of the Rule 45 subpoena and this Order upon them to serve defendant with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." The ISP may serve defendant using any reasonable means, including written notice to a last known address, transmitted either by first-class mail or via overnight service.

3. Defendant shall have 30 days from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motion with this Court contesting the subpoena, as well as any request to litigate the subpoena anonymously. The ISP may *not* turn over defendant's information to Malibu Media prior to the close of this 30-day period. Additionally,

if defendant or the ISP files a motion to quash the subpoena, the ISP may not turn over any information to Malibu Media until the issue has been addressed and the Court has issued an Order instructing the ISP to resume in turning over the requested discovery.

4. If that 30-day period closes without defendant or the ISP contesting the subpoena, the ISP shall then have 10 days to produce the information responsive to the subpoena to Malibu Media. If defendant moves to quash or modify the subpoena, or to proceed anonymously, he or she shall, at the same time as his or her filing, notify the ISP so the ISP is on notice not to release defendant's information to Malibu Media until the Court rules on any such motions.

5. The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

6. An ISP that receives a subpoena pursuant to this order shall confer with Malibu Media and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Malibu Media.

7. Any information ultimately disclosed to Malibu Media in response to a Rule 45 subpoena may be used by Malibu Media solely for the purpose of protecting its rights as set forth in its Complaint.

8. Specifically, Malibu may not disclose defendant's name, address, telephone number, email, social media username, or any other identifying information, other than defendant's ISP number, that Malibu may subsequently learn. Malibu may not threaten to disclose any such identifying information of defendant's.

9. Malibu should publicly file all documents containing defendant's identifying information with such information redacted, and file unredacted versions of such documents

under seal, in accordance with this District's procedures, available at

http://nysd.uscourts.gov/cases_records.php?records=sealed_records.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 5.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: November 12, 2015
       New York, New York

## NOTICE TO DEFENDANT

1. You are a defendant in *Malibu Media, LLC v. John Doe*, 15-cv-7781 (PAE), a case now pending before the Honorable Paul A. Engelmayer, United States District Judge for the Southern District of New York.

2. Attached is Judge Engelmayer's Order, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the Pro Se Office of the United States District Court for the Southern District of New York. The Pro Se Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 30 days of the date that you receive notice from your ISP that you are a defendant in this case. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the Pro Se Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the Pro Se Office of the Court. This information is solely for use by the Court and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed *pro se*, your letter should be mailed to the Pro Se Office, as described in paragraph 3. This must be done within 30 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.